PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIGIT MARIE BISSELL,<br><br>Defendant. | CASE NO. 1:22-CR-00031-ADA-BAM<br><br>STIPULATION TO VACATE SUPPLEMENTAL BRIEFING SCHEDULE, SET CHANGE OF PLEA HEARING, AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner*

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

*v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for a change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, defense supplemental briefing on the motion to suppress was due on September 8, 2022. The United States' supplemental briefing is due September 29, 2022, and the defense reply is due October 6, 2022.

2. By this stipulation, the parties now move to vacate the supplemental briefing schedule, set this the case for a change of plea hearing on October 11, 2022, at 8:30 a.m., and to exclude time between September 27, 2022, and October 11, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], and 18 U.S.C. § 3161(h)(1)(G) [Local Code 7].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The defendant has signed a plea agreement, which was filed with the Court on September 27, 2022.

   b) The parties have jointly requested that the Court set the matter for a change-of-plea hearing on October 11, 2022, at 8:30 a.m..

   c) The government does not object to the continuance.

   d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 27, 2022, to October 11, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(G), as it results from consideration by the Court of the proposed plea agreement filed at docket number 77.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: September 27, 2022 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ ANTONIO J. PATACA<br>ANTONIO J. PATACA<br>Assistant United States Attorney |
| Dated: September 27, 2022 | /s/ ERIN SNIDER<br>ERIN SNIDER<br>Counsel for Defendant<br>BRIGIT MARIE BISSELL |

**ORDER**

IT IS ORDERED that the supplemental briefing schedule is vacated, and a change of plea hearing is set for October 11, 2022, at 8:30 a.m.

IT IS FURTHER ORDERED THAT the period of time from September 27, 2022, through October 11, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(G) because it results from consideration by the Court of the proposed plea agreement filed at docket number 77.

IT IS SO ORDERED.

Dated: September 28, 2022

UNITED STATES DISTRICT JUDGE